## No. 69.—A. LEVI & CO. *v.* JOHN M. CARTER.

Receipts, bearing date prior to the settlement of the parties by note, cannot be pleaded as a demand in compensation and reconvention against the note.

A promissory note of a third party, due the defendant, cannot be set up in compensation against a demand of the plaintiff on the note of the defendant.

APPEAL from the Twelfth Judicial District, parish of Morehouse. *Crawford*, J. *Todd & Brigham*, for plaintiffs and appellees. *D. C. Morgan*, for defendant and appellant.

TALIAFERRO, J. The plaintiffs sue the defendant on a promissory note executed by him in their favor on the eleventh of December, 1861, for twenty-six hundred and fifteen dollars and fifty-two cents, payable on twenty-second of May, 1862, with eight per cent. per annum interest from maturity ; and also on an account for one hundred and thirty-four dollars and fifty-two cents, with interest, alleged to be for plantation supplies furnished the defendant in the early part of the year 1862.

The defendant pleads compensation, and claims in reconvention from the plaintiffs, the sum of eleven thousand and seventy-six dollars and thirty-one cents, with eight per cent. interest per annum on the various amounts specified from the respective periods at which, as he alleges, they severally became exigible.

On the fifth of July, 1866, a judgment was rendered in the court below in favor of the plaintiffs on the note, and a judgment of nonsuit against them as to the account.

A new trial was granted on the application of the defendant, and the case was tried a second time with nearly the same result, a judgment being rendered on the fifteenth of January, 1869, for the amount of the note in favor of the plaintiffs, and judgment of nonsuit against the defendant on his reconventional demand.

From the judgment so rendered the defendant has appealed.

In this court the plaintiffs have moved to amend the judgment of the lower court by rejecting the reconventional demand instead of confirming the judgment of nonsuit.

In regard to the pleas of compensation and reconvention we find that plaintiffs on the twenty-sixth of January, 1860, gave the defendant a receipt for eight hundred dollars in bank notes and sundry drafts on merchants in New Orleans, amounting to the sum of $4497 03 to be placed to his credit, and for two drafts and a note on R. A. Buel amounting in all to $1166 28 "for collection." About a year afterwards, on the twenty-fourth of January, 1861, the plaintiffs gave their receipt to the defendant for six hundred and twenty dollars, cash, a sight draft of Tullis on James Watts & Co. for $2043 and a promissory note of G. M. Brown, in favor of defendant, for $2750, with eight per cent. interest from twentieth January, 1860. This receipt does not express the disposition that was to be made of these assets.

The note of the defendant upon which the plaintiffs bring suit is dated December 11, 1861, nearly a year after the last receipt was given and nearly two years after the first. It is fair to suppose that, if before the liquidation of the plaintiffs' accounts by note, these various drafts and notes and the money specified in the plaintiffs' receipts were to compensate their accounts, there would have been a settlement between the parties and a balance struck. There is no showing in the record that such compensation was intended in regard to the plaintiffs' account settled by note on the eleventh December, 1861. In fact the defendant seems to rely chiefly upon the notes of Brown and Buel to offset the note sued upon by the plaintiffs, leaving the inference that the money and drafts mentioned in the first receipt were applied to previous indebtedness of the defendant. These notes it seems were not transferred to the plaintiffs, for the defendant, in his own testimony, on the last trial, says, speaking of the Brown note, "I have no recollection of having indorsed it—I consider that the note is mine. I left the note with A. Levi & Co. for the money to be paid there when it became due, and placed to my credit or subject to my draft." Chapman, a witness whose testimony was taken under commission, in February, 1867, says that Levi told him during "the last winter that he had made arrangements with Brown, and would take his note and give Carter (the defendant) credit for the amount of the indebtedness."

A letter from the plaintiffs to the defendant under date of eleventh of September, 1865, is introduced in evidence. In that letter the defendant is informed that the note of G. M. Brown was placed in the hands of attorneys for collection about two months previous, and that one of them had gone to see Mr. Buel. The writer adds : "I have not heard of the Buel note, although I have written some time ago to the attorney at Natchez. I will do so again in a few days, and will then inform you of the result." If under any obligation to collect these notes, which is by no means established, it would seem that the plaintiffs were not inattentive to the matter. It is not made to appear that they ever received anything on these notes, nor that any injury has resulted to the defendant by their laches in failing to prosecute the claims. The statement of Levi to the witness Chapman, in a casual conversation, somewhere, as he says, in New Orleans, or on a boat, we cannot consider conclusive, especially when taken with the general drift and bearing of the evidence, which, on the whole we think does not entitle the defendant to a credit on the note upon which this suit is brought, and the more so, as after having obtained a new trial and a delay of more than two years he has failed to make out a clear and satifactory claim against the plaintiffs.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.